UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL RIVERA,

                Plaintiff,

      v.

WESTCHESTER COUNTY, *et al.*,

                Defendants.

18-CV-8354 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

      By Order dated September 17, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis. (*See* Dkt. No. 4.)[1] On September 21, 2018, the Court issued an Order of Service, allowing Plaintiff to effect service on Defendants through the U.S. Marshals Service. (*See* Dkt. No. 6.) Service was executed on Defendants. (*See* Dkt. Nos. 9-17.) On September 5, 2019, Defendants Francis Delgrosso, Leandro Diaz, Eric Middleton, Joseph K. Spano, Karl Vollmer, and Westchester County (collectively, "Defendants") moved to dismiss the Complaint. (*See* Dkt. No. 33.) Plaintiff did not file an opposition and at the request of Defendants, the Court deemed the Motion fully submitted and unopposed. (*See* Dkt. No. 36.) On September 23, 2020, the Court issued an Opinion and Order granting Defendants' Motion to Dismiss. (*See* Dkt. No. 41.)

      On November 30, 2020, the Court the Court issued an Order directing Plaintiff to show cause, by no later than December 28, 2020, as to why this case should not be dismissed for failure to prosecute. (Order to Show Cause (Dkt. No. 42).) A copy of the Order was sent to Plaintiff at the address listed on the docket. (*See* Dkt. (entry for December 1, 2020).) The mail

---

[1] Under 28 U.S.C. § 1915(b)(1), prisoners must pay the full amount of the $350.00 filing fee even when they have been granted permission to proceed in forma pauperis.

was returned to the Clerk of the Court.  (*See* Dkt. (entry for December 15, 2020).)  To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court.  Accordingly, the Court dismisses the Action for failure to prosecute.

This Court has the authority to dismiss a case for failure to prosecute.  See Fed. R. Civ. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

2

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209).  No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 4 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so."); Dkt. No. 7 (same).  Nonetheless, Plaintiff has not provided the Court with an updated address.  (*See* Dkt. (entry for October 14, 2020) (noting mail which included the Court's Opinion and Order was returned to the Clerk of the Court).  Plaintiff has not communicated with the Court regarding this Action since October 15, 2018.  (*See* Dkt. No. 8.)  The Court's Order to Show Cause, mailed to Plaintiff on December 1, 2020, indicated that Plaintiff's failure to show cause by December 28, 2020 would result in the Court dismissing the case with prejudice without further notice.  (Order to Show Cause.)  That Order was then returned to the Court when sent to Plaintiff's address listed on the docket.  (*See* Dkt. (entry for December 15, 2020).)

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute.  *See, e.g.*, *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing

case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and close the case.

SO ORDERED.

Dated: January 4, 2021
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

4